UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

RICKY DEAN FOLEY

DEBTOR                                               CASE NO. 09-52539

PHAEDRA SPRADLIN                                     PLAINTIFF

VS.                                                  ADV. NO. 10-5029

VICKY L. BAKER                                       DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the court on the Defendant's Motion to Dismiss Adversary Complaint (the "Motion to Dismiss")[Doc. 8], filed herein on April 15, 2010.  The Plaintiff Trustee filed her Response to Motion to Dismiss (the "Response")[Doc. 9] on April 21, 2010, and her Supplemental Response to Motion to Dismiss (the "Supplemental Response")[Doc. 11] on May 18, 2010.  The matter was heard on May 13, 2010 and taken under consideration for decision.  This court has jurisdiction of this matter pursuant to 28 U.S.C. § 1334(b); it is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(F).  For the reasons set out below, the court will deny the Motion to Dismiss.

1.   Factual and procedural history

The Plaintiff commenced this proceeding by filing her Complaint for Return of Pre-petition Wage Garnishments pursuant to Bankruptcy Code section 547(b) on March 23, 2010.  Therein she states that in April 2008 the Defendant obtained a state court judgment against the

1

Debtor, her brother, for the sum of $22,836.00.  In May 2008, the Defendant began garnishing the Debtor's wages.  The Debtor filed his Chapter 7 case in this court on August 7, 2009, and the Defendant filed a proof of claim in that case (POC #1).[1]  The Plaintiff further states that in the twelve month period preceding the filing of the Debtor's petition, the Defendant garnished the Debtor's wages in the amount of $6,405.13.

The Plaintiff alleges that she may avoid these transfers of the Debtor's property because they satisfy the elements of section 547(b), i.e., that they were made for the benefit of a creditor on account of an antecedent debt, while the Debtor was insolvent, within twelve months before the Debtor filed his petition.  The Plaintiff alleges that the Defendant meets the definition of "insider" in Code section 101(31), as an individual who is a relative of the Debtor.  Finally, the Plaintiff alleges that the last element of section 547(b) is satisfied because the transfer enabled the Defendant to receive more than she would have under Chapter 7 if the transfer had not occurred and she received payment of the debt to the extent provided therein.

The Defendant's Motion to Dismiss alleges that the Complaint fails to state a claim upon which relief can be granted in that the Debtor has claimed exemptions in his bankruptcy case totaling $4,960.00, excluding any pre-petition wages which may have been garnished.  Accordingly, the Defendant states, the Debtor has an additional $6,240.00 in exemptions available to him pursuant to Code section 522(d)(5); and thus, even if the Plaintiff were to prevail,

---

[1] The Complaint states that copies of the state court judgment and the proof of claim are attached as exhibits, but no exhibits are attached.

there would be no benefit to the bankruptcy estate.

The Plaintiff's Response and Supplemental Response state that prior to the filing of this proceeding the Plaintiff and the Debtor reached an agreement regarding the extent of the Debtor's claim of exemption; to-wit: that the Debtor would not claim an exemption in the proceeds of this proceeding in excess of $1,000.00.

2. <u>Discussion</u>

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable in bankruptcy by Federal Rule of Bankruptcy Procedure 7012(b), is for failure to state a claim upon which relief can be granted. The Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955 (2007), considered what a plaintiff must plead in order to state a claim under § 1 of the Sherman Act in light of a Rule 12(b)(6) motion to dismiss for failure to state a claim:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . ., a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . Factual allegations must be enough to raise a right to relief above the speculative level.
> . . .
>    The need at the pleading stage for allegations plausibly suggesting . . . agreement reflects the threshold requirement of Rule 8(a)(2) that the plain statement possess enough heft to show that the pleader is entitled to relief.

*Id.* at 1964-1965 (internal quotations and citations omitted). *See also Ashcroft v. Iqbal*, ___U.S.___ , 129 S. Ct. 1937 (2009) (Complaint must contain factual matter sufficient to state a claim that is plausible on its face).

Further, as set out in *Perniciaro v. Natale (In re Natale)*, 136

B.R. 344 (Bankr. E.D. N.Y. 1992), the court, in determining such a motion

> must presume that the factual allegations of the complaint are true and all reasonable inferences are to be made in favor of the nonmoving party. *Jenkins v. McKeithen*, 395 U.S. 411, 421-22, 89 S.Ct. 1843, 1848-49, 23 L.Ed.2d 404 (1969). The purpose of a motion to dismiss is to assess the legal sufficiency of a complaint, not to judge the weight of evidence which might be offered in its support. *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2nd Cir. 1980).
>   However, on a motion to dismiss, it is clear that the court does not have to accept every allegation in the complaint as true in assessing its sufficiency. 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* §1357, at 311-18 (2d ed. 1990). The allegations of a complaint must be "well-pleaded" and thus the court need not accept "sweeping and unwarranted averments of fact." *Haynesworth v. Miller*, 820 F.2d 1245, 1254 (D.C.Cir. 1987). Legal conclusions, deductions or opinions couched as factual allegations in a complaint are not given a presumption of truthfulness. 2A James Wm. Moore et al., *Moore's Federal Practice* ¶12.07[2.-5], at 12-63 to 12-64 (2d ed. 1991). A complaint is subject to dismissal if it fails to allege a required element which is necessary to obtain relief sought. Moore, *supra*, at 12-68; (cite omitted). A motion under Fed.R.Civ.P. 12(b)(6) should also be granted if a bar to relief is apparent from the face of the complaint. Moore, *supra*, at 12-68 to 12-69.

*Id*. at 348. The court's task under Rule 12(b)(6) is then to determine the sufficiency, and not the merits, of the Complaint. *See also Am. Express Travel Related Serv. Co. v. Henein*, 257 B.R. 702 (E.D. N.Y. 2001), and *Allard v. Weitzman (In re DeLorean Motor Co.)*, 991 F.2d 1236 (6th Cir. 1993).

The court believes that the Plaintiff has met the criteria set out above, and that her Complaint contains factual matter sufficient to state a claim that is plausible on its face. The Defendant has not countered the Plaintiff's declaration that before this proceeding was filed the Debtor agreed to claim no more than $1,000.00 in exempt property, and she has produced no other challenge to the sufficiency

4

of the Complaint. Her assertion that the Debtor's potential exemption claim would reduce or eliminate any benefit to the estate ignores the fact that Code section 547, which empowers the trustee to avoid certain transfers, has no benefit-to-the-estate requirement and Defendant has offered no legal authority supporting her contention. The Motion to Dismiss is DENIED.

5

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, June 24, 2010**
**(tnw)**