UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

IN RE:

RICKY DEAN FOLEY                           CASE NO. 09-52539

DEBTOR

PHAEDRA SPRADLIN                           PLAINTIFF

V.                                         ADV. NO. 10-05029

VICKY L. BAKER                             DEFENDANT

### MEMORANDUM OPINION

This matter having come before the Court on cross-motions for summary judgment by the Plaintiff, Phaedra Spradlin [Doc. 34], and the Defendant, Vicky Baker [Doc. 29], and a hearing having been held on August 16, 2010, and the parties having agreed to submit this matter on the record, there being no genuine issue of material fact upon which the court is required to take proof.  The parties have further agreed that the only contested issue is whether the Plaintiff Trustee has met her burden of proof in showing the Debtor was insolvent at the time of the subject transfers.  As set forth below, the court finds that the Plaintiff/Trustee has met that burden.

### Facts

The undisputed facts are as follows.  The Defendant, Vicky Baker, obtained a judgment against the Debtor Ricky Dean Foley ("Debtor") in the matter styled Commonwealth of Kentucky, Bourbon Circuit Court, Division II, case no. 07-CI-00205, Deanna Foley v. Vicky F. Baker, Kentucky Bank, and Ricky D. Foley for the sum of $22,836.00. Beginning on May 7, 2008, the Defendant garnished the wages of the

Debtor pursuant to this judgment.  The Defendant is the legal and biological sister of the Debtor.

On August 7, 2009, the Debtor filed for Chapter 7 bankruptcy.  The Plaintiff was thereafter appointed as Trustee of the Debtor's estate.  On September 3, 2009, the Defendant filed a proof of claim in the Debtor's bankruptcy case.  The proof of claim [POC #1] details the garnishment of the Debtor's wages in the amount of $6,405.13 in the twelve (12) month period preceding the filing of the Debtor's petition, of which $1,639.86 was garnished within the ninety (90) days prior to the Debtor's filing of his Chapter 7 bankruptcy petition.

The Plaintiff Trustee filed this adversary proceeding against the Defendant on March 23, 2010 seeking to avoid the wage garnishments that occurred in the twelve (12) month period prior to the Debtor's bankruptcy pursuant to 11 U.S.C. § 547(b) and alleging that the Defendant, the Debtor's sister, is an insider as defined in 11 U.S.C. § 101(31).

**Conclusions of Law**.

This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b)(2).

Pursuant to 11 U.S.C. § 547(g), the Plaintiff Trustee bears the burden of proving the elements of an avoidable preference.  The Trustee may avoid any transfer of an interest of the debtor in property (1) to or for the benefit of a creditor; (2) for or on account of an antecedent debt owed by the debtor before such transfer was made; (3) made while the debtor was insolvent; (4) made on or

within 90 days before the date of the filing of the petition or between ninety days and one year before the date of the filing of the petition, if such creditor at the time of such transfer was an insider; and (5) that enables such creditor to receive more than the creditor would receive if (A) the case were a case under chapter 7, (B) the transfer had not been made, and (C) such creditor received payment of such debt to the extent provided by the provisions of the title.  11 U.S.C. § 547(b).  Moreover, a statutory presumption provides that for the purposes of Section 547, a debtor is presumed to have been insolvent on and during the ninety (90) days immediately preceding the date of the filing of the bankruptcy petition.  11 U.S.C. § 547(f).

> First, the Trustee relies on the statutory presumption under 11 U.S.C. § 547(f) to prove the Debtor's insolvency in the 90 days prior to the filing of the Debtor's petition.  The presumption requires the party against whom the presumption exists to come forward with some evidence to rebut the presumption.  Raslavich v. Elkins (In re Old World Cone Company), 119 B.R. 473, 477 (Bankr. E.D. Pa. 1990).  In the absence of evidence to rebut the presumption, the party asserting it is entitled to rely on the § 547(f) presumption to establish insolvency.  Id.

> The Defendant has presented no evidence to rebut the presumption of insolvency and conceded this point at the summary judgment hearing. For these reasons, $1,639.86 which was garnished during the ninety (90) day period prior to the filing of the Debtor's petition is avoidable by the Trustee pursuant to 11 U.S.C. § 547(b).

Second, the Trustee also seeks to avoid wages garnished from ninety (90) days and up to one year prior to the filing of the petition because the Defendant is an "insider" pursuant to the definition as set forth in 11 U.S.C. § 101(31).  The Defendant does not dispute her insider status, but does dispute the Debtor's insolvency during this period of time.

The Trustee relies on the Debtor's bankruptcy petition and an affidavit of the Debtor, testifying that he was insolvent at the time that the transfers occurred, to prove the Debtor's insolvency.  The bankruptcy petition alone is insufficient to prove insolvency of the Debtor because it merely shows the Debtor's insolvency at the time of the filing of the petition rather than insolvency at the time the transfers occurred as required by 11 U.S.C. § 547(b).  <u>Mathison v. Lambert (In re Mattingly)</u>, 2007 Bankr. LEXIS 2543, *6-7 (Bankr. W.D. Ky. August 1, 2007).

The Debtor's sworn affidavit, though, states that "during the twelve (12) month period preceding the filing of the bankruptcy petition, the Affiant was insolvent."  The affiant further states "during the twelve (12) month period preceding the filing of the bankruptcy petition, the Affiant's assets were less than his debts" and "the debtor was unable to pay his bills as they became due."  This sworn testimony is uncontroverted.  Thus, based on the Debtor's uncontroverted testimony, this Court finds that the Trustee has met her burden of proof in showing the Debtor's insolvency in the period of ninety (90) days and up to one (1) year prior to the filing of the petition and the wages garnished during this period, $4,765.27, are

avoidable by the Trustee.

Moreover, although the Defendant pled a number of affirmative defenses in her Answer [Doc. 2], she has neither made any response nor presented any proof as to why the Plaintiff is not entitled to summary judgment on these defenses.  Thus, the Court finds that there is no genuine issue of material fact, and the Plaintiff is entitled to judgment as a matter of law on the Defendant's first, second, third, fourth, eighth, and ninth affirmative defenses.  Accordingly, the Plaintiff's Motion to Amend the Complaint [Doc. 29] to include the Debtor as an indispensable party, related to the Defendant's affirmative defenses is denied as moot.

This Memorandum Opinion constitutes the Court's Findings of Fact and Conclusions of Law. A separate order shall be entered accordingly.

Copies to:

David Perdue, Esq.
Daniel Hitchcock, Esq.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~
**The affixing of this Court's electronic seal below is proof this document has been signed by the Judge and electronically entered by the Clerk in the official record of this case.**



**Signed By:**
*Tracey N. Wise*
**Bankruptcy Judge**
**Dated: Thursday, September 30, 2010**
**(tnw)**